IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02434-WYD-MEH

CARL GENBERG,

    Plaintiff,

v.

STEVEN S. PORTER, an individual,
JEFFREY SPERBER, an individual,
AL BAUTISTA, an individual,
MICHELE DARNAUD, an individual,
CHERYL HOFFMAN-BRAY, an individual,
PHILIPPE GASTONE, an individual,
MARC REDLICH, an individual,

    Defendants.

## ORDER ON MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Joint Motion to Stay Discovery [filed February 23, 2012; docket #50]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #51]. The motion is brought by all parties, and the Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion.

## BACKGROUND

On September 15, 2011, this case was transferred from the U.S. District Court for the District of Nevada. On October 21, 2011, the Plaintiff filed an Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a). Thereafter, Plaintiff moved for and was granted leave to file a corrected First Amended Complaint, which is the operative pleading in this matter. Docket #16. Essentially, the Plaintiff alleges that Defendants terminated his employment in violation of the

Sarbanes-Oxley Act and published defamatory statements about him. *See id.* Defendant Porter responded to the Amended Complaint by filing an Answer, but Defendants Sperber, Darnaud, Hoffman-Bray, Gastone, Redlich and Bautista filed motions to dismiss for lack of subject-matter jurisdiction. *See* dockets #17, #33, #34 and #45.

The movants here claim that a temporary stay pending resolution of the jurisdictional issues raised in their motions to dismiss is appropriate to avoid any undue burden and expense of discovery should they be summarily dismissed from the case. The Court agrees.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdensome expense of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay of discovery is appropriate in this case. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. However, the Plaintiff joins in the motion; thus, to the extent that Plaintiff has an interest in proceeding expeditiously, the Court finds his interest is offset by Defendants' burden. Here, all Defendants except Mr. Porter filed motions to dismiss all claims against them for this Court's lack of subject-matter jurisdiction.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that any potential harm to Plaintiff is outweighed by the burden on six of the seven Defendants resulting from conducting and responding to discovery while their motions to dismiss are pending.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Defendants make no argument concerning the interests of non-parties, and because the movants raise no issues concerning the fact that discovery will be stayed only temporarily, the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed pending resolution of the pending motions to dismiss.

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Joint Motion to Stay Discovery [filed February 23, 2012; docket #50] is **granted**.  A temporary stay of discovery is hereby imposed pending resolution of Defendants' motions to dismiss for lack of subject-matter jurisdiction.  The Defendants shall file a status report within five (5) days of any order resolving their motions to dismiss.

Dated at Denver, Colorado, this 27th day of February, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge