IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02434-WYD-MEH

CARL GENBERG,

    Plaintiff,

v.

STEVEN S. PORTER, an individual,
JEFFREY SPERBER, an individual,
AL BAUTISTA, an individual,
MICHELE DARNAUD, an individual,
CHERYL HOFFMAN-BRAY, an individual,
PHILIPPE GASTONE, an individual,
MARC REDLICH, an individual,

    Defendants.

## ORDER ON MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff's Partially Unopposed Motion for Leave to File Second Amended Complaint [filed February 27, 2012; docket #54]. The motion has been referred to this Court for disposition. The matter is fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**I.    Background**

On September 15, 2011, this case was transferred from the U.S. District Court for the District of Nevada. On October 21, 2011, the Plaintiff filed an Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a). Thereafter, Plaintiff moved for and was granted leave to file a corrected First Amended Complaint, which is the operative pleading in this matter. Docket #16. Essentially, the Plaintiff alleges that Defendants terminated his employment in violation of the Sarbanes-Oxley Act and published defamatory statements about him. *See id.* Defendant Porter

responded to the Amended Complaint by filing an Answer, but Defendants Sperber, Darnaud, Hoffman-Bray, Gastone, Redlich and Bautista filed motions to dismiss for lack of subject-matter jurisdiction. *See* dockets #17, #33, #34 and #45.

Plaintiff filed the present motion seeking to add factual allegations addressing the jurisdictional issues raised in the motions to dismiss. Defendant Redlich does not object to the addition of these allegations, but asserts that he reserves the right to address such allegations in subsequent motions pursuant to Fed. R. Civ. P. 12(b). The remaining Defendants do not oppose the amendment, but assert that they may seek attorney's fees and costs for any "needlessly multiplied proceedings." Plaintiff also seeks to add a claim against Defendants Porter and Sperber for an alleged violation of the whistleblower protection provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(h). All Defendants (except Redlich) object to the addition of the new claim as futile.

## II.     Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether

Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Defendants do not challenge the timeliness of Plaintiff's proposed amendments, and the Court finds that such addition is timely. The motion is filed well before the May 18, 2012 deadline for amendment of pleadings set by the Court in this case. Scheduling Order, ¶ 9(a), docket #36.

Moreover, the Court finds that Plaintiff's amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Defendants claim no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, discovery has recently begun and trial has not been scheduled in this case.

Defendants' assertion that it may seek attorney's fees and costs for any "multiplied proceedings" arising from the proposed amendments seems to suggest bad faith on the part of the Plaintiff. However, Plaintiff contends that the "alleged jurisdictional defect [failure to exhaust administrative remedies] can be overcome by the further factual allegations which Plaintiff seeks to add to his complaint, and therefore should be allowed pursuant to 28 U.S.C. § 1653, which expressly provides that any defective allegations of jurisdiction may be amended." Docket #54 at

4.

The Court finds particularly instructive the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12(b)] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12(b) motion, and frame the issues to be decided.

With this in mind, the Court finds that it is not necessarily improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12(b) motion. Thus, proposed amendments that seek to clarify or explain facts asserted in an original complaint are proper. However, bad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled, and are made solely to circumvent a defense raised in a Rule 12(b) motion. *See Ayon v. Gourley*, 1999 WL 516088, at *1 (10th Cir. June 25, 1999) (the trial court did not abuse its discretion in refusing to allow amendments that "modif[ied] certain dates with regard to actions which were originally alleged in the complaint for the apparent purpose of responding to the statute of limitations problem."); *see also Kant v. Columbia Univ.*, 08 Civ. 7476(PGG), 2010 WL 807442, at *6 (S.D.N.Y. Mar. 9, 2010) (proposed amendments which directly contradict allegations made in an original complaint are made in bad faith).

There is no argument here contending that Plaintiff's proposed allegations contradict any

original allegations; rather, it appears that the proposed allegations attempt to clarify how Plaintiff believes he exhausted administrative remedies in this matter. Therefore, the Court perceives no bad faith on the part of the Plaintiff in seeking to correct jurisdictional defects raised in the Defendants' pending motions to dismiss.

With respect to Defendants' futility argument, the Court is aware of case law applying a Rule 12(b) standard to a futility challenge of proposed amendments under Rule 15(a); however, the Court is not aware of, and Defendants' case law does not support, the application of a Fed. R. Civ. P. 56 analysis (i.e., determining whether there is a genuine dispute to any material fact) to a futility challenge to proposed amendments at an early stage of the litigation when discovery has only recently begun. *See, e.g., Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews *de novo*.") (emphasis added). Nevertheless, in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the age of this case and the motions to dismiss currently pending before the District Court. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). Argument about the application of Rule 15(a) in this matter may serve only to interfere with the adjudication of motions already pending before Judge Daniel.

Thus, the Court finds that any futility argument in this matter would be more properly raised and adjudicated in a dispositive motion,[1] rather than indirectly through opposition of a Rule 15(a)

---

[1] While Defendants mention both, they do not specifically seek either a Rule 12(b)(6) or Rule 56 analysis of their futility arguments; however, they raise certain factual disputes and submit affidavits in support of the response brief. Certainly, to the extent the Defendants seek a Rule 12(b)(6) analysis for Plaintiff's alleged failure to state a claim, consideration of such affidavits and resolution of any factual disputes would be improper.

5

motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 or otherwise may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendants will be better served by awaiting an order by Judge Daniel on their futility arguments. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished).

### III.   Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Plaintiff's amendments are timely, will not prejudice the Defendants and are not made in bad faith. Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Partially Unopposed Motion for Leave to File Second Amended Complaint [filed February 27, 2012; docket #54]. The Clerk of the Court is directed to file the Second Amended Complaint and Jury Demand found at docket #54-1. Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 13th day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge