IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02434-WYD-MEH

CARL GENBERG,

    Plaintiff,

v.

STEVEN S. PORTER; an individual,
JEFFREY SPERBER; an individual,
AL BAUTISTA; an individual,
MICHELE DARNAUD; an individual,
CHERYL HOFFMAN-BRAY; an individual,
PHILIPPE GASTONE; an individual, and,
MARC REDLICH, an individual,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on plaintiff, Carl Genberg's, Motion For Entry Of Judgment Pursuant To Fed. R. Civ. P. 54(b) [ECF No. 137]. For the reasons stated below, the motion is DENIED.

**BACKGROUND**

On April 16, 2012, plaintiff, Carl Genberg, filed a Second Amended Complaint [ECF No. 77] against Steven S. Porter, Jeffrey Sperber, Al Bautista, Michele Darnaud, Cheryl Hoffman-Bray, Philippe Gastone, and Marc Redlich, alleging a Colorado state law defamation claim and violations under the whistle-blower protection provisions of the Sarbanes-Oxley Act ("SOX") of 2002, 15 U.S.C. § 1514A, and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), 15 U.S.C. § 78u-6.

This suit results from Genberg's disclosures to his employer about alleged securities violations and his employer's subsequent actions, including Genberg's termination. On May 3, 2012, defendant, Marc Redlich, filed a Motion to Dismiss [ECF No. 84] arguing that this Court lacks subject matter jurisdiction over Genberg's SOX claim against Redlich because Genberg failed to exhaust administrative remedies by failing to name Redlich as a respondent in his Occupational Safety and Health Administration ("OHSA") complaint. That same day, defendants, Steven S. Porter, Jeffrey Sperber, Al Bautista, Michele Darnaud, Cheryl Hoffman-Bray, and Philippe Gastone filed a Motion To Dismiss [ECF No. 85] arguing that: (1) this court lacks subject matter jurisdiction over Genberg's SOX claims because he failed to exhaust administrative remedies by not naming any of the defendants, except Porter, in his OSHA complaint; and, (2) Genberg's DFA retaliation claim fails because Ceragenix Incorporation's ("Ceragenix") failure to pay Genberg post-termination salary pursuant to the employment contract is due to Ceragenix's bankruptcy proceedings and bankruptcy law, not Porter and Sperber's alleged retaliation. On July 11, 2012, Genberg filed a Motion For Partial Summary Judgment [ECF No. 92] arguing that he is entitled to summary judgment on his SOX claim against Bautista, Hoffman-Bray, Darnaud, Gastone, and Porter. On January 18, 2013, Genberg filed a Motion To Compel Arbitration [ECF No. 107] arguing that pursuant to Genberg's employment contract with Osmotics Pharma, Inc., now Ceragenix, all claims except those asserted under the DFA are arbitable and the parties must proceed to arbitration.

On March 25, 2013, I issued an Order [ECF No. 124] in which I: (1) denied Genberg's Motion To Compel Arbitration [ECF No. 107]; (2) granted Redlich's Motion

To Dismiss Second Amended Complaint [ECF No. 84]; and, (3) granted in part and denied in part Porter, Sperber, Bautista, Darnaud, Hoffman-Bray, and Gastone's Motion To Dismiss [ECF No. 85].  As a result of that Order [ECF No. 124], the only claims that remain are Genberg's SOX claim and state law defamation claim against Porter.  Genberg appealed my March 25, 2013, Order [ECF No. 124] and filed his opening brief with the United States Court of Appeals for the Tenth Circuit on July 24, 2013.  On August 7, 2013, Redlich filed a Motion To Dismiss with the Tenth Circuit arguing that it lacks subject matter jurisdiction over my ruling regarding his Motion To Dismiss [ECF No. 84] because my March 25, 2013, Order [ECF No. 124] is not a final appealable order.

On August 15, 2013, Genberg filed a Motion For Entry Of Final Judgment Pursuant To Fed. R. Civ. P. 54(b) [ECF No. 137] requesting that I direct the Clerk of Court to enter final judgment in favor of Redlich, Sperber, Bautista, Darnaud, Hoffman-Bray, and Gastone against Genberg on his SOX claim.  On August 20, 2013, the Tenth Circuit issued an Order stating that it will toll briefing in the appeal until I rule on Genberg's Motion For Entry Of Final Judgment Pursuant To Fed. R. Civ. P. 54(b) [ECF No. 137].

## ANALYSIS

### A. Motion For Entry Of Final Judgment Under Rule 54(b) of the FEDERAL RULES of CIVIL PROCEDURE

Pursuant to FED. R. CIV. P. 54(b):

> When an action presents more than one claim for relief--
> whether as a claim, counterclaim, crossclaim, or third-party
> claim--or when multiple parties are involved, the court may
> direct entry of a final judgment as to one or more, but fewer
> than all, claims or parties only if the court expressly

> determines that there is no just reason for delay. Otherwise,
> any order or other decision, however designated, that
> adjudicates fewer than all the claims or the rights and
> liabilities of fewer than all the parties does not end the action
> as to any of the claims or parties and may be revised at any
> time before the entry of a judgment adjudicating all the
> claims and all the parties rights and liabilities.

Thus, "[r]ule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) (citing 10 WRIGHT, MILLER & KANE, FED. PRACTICE & PROC. § 2656, at 48-60 (3d ed. 1998)). "Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits." *Id.* at 829. "Partial final judgment is intended to serve the limited purpose of protecting litigants from undue hardship and delay in lawsuits involving multiple parties or multiple claims." *Id.* (citation omitted). "Application of the rule should preserve the 'historic federal policy against piecemeal appeals.'" *Id.* (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

### 1. Multiple Claims

Genberg asserts three claims: (1) Colorado state law defamation; (2) violations under the whistle-blower protection provisions of SOX; and, (3) retaliation under the DFA. Thus, this action involves multiple claims.

### 2. Final Decision On At Least One Claim

"To be final for purposes of Rule 54(b), an order must be 'final' in the sense that it is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Jordan*, 425 F.3d at 826 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7).

"While the exact definition of 'claim' for purposes of Rule 54(b) is unsettled, a 'claim' is generally understood to include all factually or legally connected elements of a case." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted). "Thus, a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id.* at 1243.

Genberg seeks certification with respect to my ruling as to his SOX claims. ECF No. 137, p. 12. I dismissed the claim as to defendants, Redlich, Sperber, Bautista, Darnaud, Hoffman-Bray, and Gastone because Genberg failed to exhaust his administrative remedies as to those defendants. ECF No. 124, pp. 14-15. I did not dismiss Genberg's SOX claim against Porter because Genberg properly named Porter in his OSHA complaint and therefore exhausted his administrative remedies with respect to Porter. *Id.*

Without going into the merits of Genberg's SOX claims, as they are not properly before me at this time, the claims center on the circumstances surrounding Genberg's termination. Genberg alleges that each defendant played a part in his termination, either by being a member of Ceragenix's Board of Directors (Sperber, Bautista, Darnaud, Hoffman-Bray, and Gastone), by being Ceragenix's Chief Executive Officer (Porter), or by being the attorney who investigated Genberg's actions and concluded that Genberg violated his fiduciary duties to Ceragenix (Redlich). As such, Genberg's SOX claims are inter-related and not wholly separate from each other. While the defendants may present different defenses, the claims involve the same operative facts. Thus, I find that Genberg's SOX claim against Redlich, Sperber, Bautista, Darnaud, Hoffman-Bray, and Gastone and Genberg's SOX claim against Porter are not distinct

and separable for the purposes of Rule 54(b).

### 3. Just Reason For Delay

Having made the finding that Genberg's SOX claims against the defendants involve the same operative facts, I find that there is just reason for delay and I will not direct the Clerk of Court to enter judgment on Genberg's SOX claim against Redlich, Sperber, Bautista, Darnaud, Hoffman-Bray, and Gastone.

## CONCLUSION

After careful consideration of the matter before this Court, it is

ORDERED that Genberg's Motion For Entry Of Judgment Pursuant To Fed. R. Civ. P. 54(b) [ECF No. 137] is **DENIED**.

Dated: February 26, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge