**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02434-WYD-MEH

CARL GENBERG, an individual,

    Plaintiff,

vs.

STEVEN S. PORTER, an individual,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to F.R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, Plaintiff and Defendant respectfully stipulate to entry of a mutual protective order as detailed below and IT IS HEREBY ORDERED:

**1.  CONFIDENTIAL MATERIALS**

1.1   Certain material to be produced by the parties in connection with the above captioned matter (the "Action"), or any appeal thereof, is confidential and/or proprietary, and is properly useable by the parties solely in connection with this Action and should otherwise be kept and remain confidential through the course of this Action and thereafter, and not be used for any other purpose.  The following protective provisions governing certain material that is confidential and/or proprietary, or that contains confidential and/or proprietary information as defined below, be and hereby are, imposed upon all discovery and litigation proceedings in this Action, whether such

discovery and litigation proceedings are directed at a Party to the litigation or at any other person or entity.

**2.      DEFINITIONS**

As used in this Protective Order:

2.1     "CONFIDENTIAL INFORMATION" means any Material designated as confidential in accordance with the terms of this Order.

2.2     "HIGHLY CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEY EYES ONLY" means extremely sensitive "CONFIDENTIAL INFORMATION," disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3     "Interested Person" means any third party who produces any material.

2.4     "Material" shall include any document or information in any form or medium whatsoever, including, without limitation, any written or printed matter, any photograph, drawing, chart, design, or other pictorial representation, and any electronic, magnetic or photographic recording, whether tape, film, disk, microfiche, or any other medium, whether discovered formally or informally, produced voluntarily or involuntarily, pursuant to request or process, or in accordance with the Federal Rules of Civil Procedure or otherwise, including but not limited to F.R. Civ. P. 26(a) disclosures, interrogatory answers, responses to requests for admission, documents produced in response to document requests, deposition testimony, deposition transcripts and exhibits, trial exhibits, hearing or trial transcripts, any portion or summary of any of the foregoing, and any other papers that quote from, reflect, reveal or summarize any of the foregoing.

2.5     "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). "Parties" means the plaintiff, Carl Genberg, and the defendant, Steven S. Porter.

2.6 "Person" shall include any Party or non-party to this Action whether an individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity.

2.7 "Protected Material" means any Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

2.8 "Provide" means the production of any Material, whether voluntarily or involuntarily, whether pursuant to request or process, and whether in accordance with the Federal Rules of Civil Procedure.

**3. DESIGNATION AND USE OF PROTECTED MATERIAL**

3.1 Any Material containing, reflecting, revealing or summarizing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be designated by a Party hereto or any Interested Person as such and thus made subject to the limitations of this Protective Order as set forth below:

a. CONFIDENTIAL INFORMATION shall be designated as subject to this Protective Order by stamping or otherwise placing on the face of the document the legend "CONFIDENTIAL," or in the case of a transcript or portion of a transcript, by advising all Parties and Interested Persons at the time of the deposition on the record or in writing within ten days after receiving the transcript that the transcript, or portion thereof, should be treated as CONFIDENTIAL INFORMATION under this Protective Order; and

b. HIGHLY CONFIDENTIAL INFORMATION shall be designated as subject to this Protective Order by stamping or otherwise placing on the face of the document the legend "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or in the case of a transcript or portion of a transcript, by advising all Parties and Interested Persons at the time of the deposition on the record or in writing within ten days after receiving the transcript that the

transcript, or portion thereof, should be treated as HIGHLY CONFIDENTIAL INFORMATION under this Protective Order.

      3.2     If any Protected Material is filed with any court, it shall be either (1) filed electronically in accordance with the applicable provisions of Section V of the District of Colorado ECF Civil Procedures then in effect; or (2) placed in an envelope marked "RESTRICTED MATERIAL -- SUBJECT TO PROTECTIVE ORDER NOT TO BE OPENED EXCEPT BY THE ORDER OF THE COURT" and filed pursuant to the applicable rules of the receiving court regarding the filing of restricted material.

      3.3     If any Protected Material is to be offered in any hearing, trial or other proceeding, the Party or Person so offering such information shall, prior to doing so, advise the other Parties and Interested Persons of its intent to offer the same, and the other Parties and Interested Persons shall have the right to request the entry of order(s) by the Court, in limine or otherwise, to protect the confidentiality of the information before the information is used.

      3.4     Material shall not be considered Protected Material if such information is freely and generally available to persons who do not have obligations of confidentiality with respect thereto.

## 4.  **RESTRICTIONS ON USE OF PROTECTED MATERIAL**

      4.1     All Protected Material discovered formally or informally or produced voluntarily or involuntarily in this Action shall be used solely for the prosecution and/or defense of this Action, including without limitation, for the purpose of evaluating settlement and for settlement negotiations, but not for any other purpose.

      4.2     All Protected Material shall be kept secure by the counsel for the discovering Party and access to Protected Material shall be limited to persons authorized pursuant to paragraphs 4.3 and 4.4 of this Order.

4.3     For purposes of the preparation, hearing, trial, appeal, and settlement of this Action, and subject to the terms, conditions, and restrictions of this Protective Order, CONFIDENTIAL INFORMATION may be disclosed only to the following persons:

a.      Counsel of record working on this Action on behalf of any Party or Interested Person and counsel's partners, associates, paralegals, secretaries, clerks, support and stenographic personnel;

b.      Corporate representatives (officers, directors, employees or insurers of the Parties who have been charged by their respective corporations with the responsibility for making business decisions dealing directly with this Action);

c.      The Parties hereto, represented by undersigned counsel;

d.      Court reporters and their staff;

e.      The Court, under seal, including any person employed by the Court whose duties require access to CONFIDENTIAL INFORMATION;

f.      Experts, consultants, and vendors retained, specially employed, or informally consulted by any counsel of record concerning the preparation, trial or appeal of this Action and their secretarial and clerical employees;

g.      Witnesses who saw the information prior to the litigation; and

h.      Deposition witnesses questioned by counsel of record for a party to this Action, but only to the extent necessary to assist such counsel in the prosecution or defense of this Action.

4.4     For purposes of the preparation, hearing, trial, appeal, and settlement of this Action, and subject to the terms, conditions, and restrictions of this Protective Order, HIGHLY CONFIDENTIAL INFORMATION may be disclosed only to the following persons:

      a.      Counsel of record working on this Action on behalf of any Party or Interested Person and counsel's partners, associates, paralegals, secretaries, clerks, support and stenographic personnel;

      b.      Counsel, including in-house counsel, for any party's insurer;

      c.      Experts, consultants, and vendors retained, specially employed, or informally consulted by any counsel of record concerning the preparation, trial or appeal of this Action and their secretarial and clerical employees to whom disclosure is reasonably necessary for this litigation;

      d.      Court reporters and their staff;

      e.      The Court, under seal, including any person employed by the Court whose duties require access to HIGHLY CONFIDENTIAL INFORMATION;

      f.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

      g.      So long as Genberg remains pro se, he may view HIGHLY CONFIDENTIAL INFORMATION produced to him in the Action.

4.5      All persons to whom Protected Material is disclosed, other than the Parties, and their counsel and insurers, prior to any disclosure to them, shall be given a copy of this Order and will be required, as a condition precedent to such disclosure, to sign a confidentiality agreement bearing the caption thereof and stating substantially in the following form:

> The undersigned has read and understands the Stipulated Protective Order entered in this case on _____, and agrees: (1) that s/he shall fully abide by the terms thereof and agrees to be subject to the jurisdiction of the Court for the purpose of the implementation and enforcement of the

> Stipulated Protective Order, (2) that s/he shall not disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to, or discuss such information with, any person who is not authorized pursuant to the terms of the Protective Order to receive the disclosure thereof and who has not signed a confidentiality agreement therein provided; and (3) that s/he shall not use said CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for any purposes other than for the purposes of this litigation.

Counsel disclosing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall maintain a record of all persons to whom such information is disclosed.

**5.     OBJECTIONS TO CONFIDENTIALITY**

5.1     If a Party believes that Material designated CONFIDENTIAL or sought to be designated CONFIDENTIAL, or designated HIGHLY CONFIDENTIAL or sought to be designated HIGHLY CONFIDENTIAL, does not warrant such designation, the Party shall object in writing to such designation. For the thirty days after such objection is served ("Conferral Period"), the Material shall remain fully protected under this Protective Order. If during the Conferral Period the parties are unable to resolve the objection, the designating Party shall have the right to file a motion seeking entry of a protective order concerning the Material. If such a motion is filed before the end of the Conferral Period, then the Material shall retain all protection until the motion is resolved by the Court or by agreement. If no such motion is filed before the end of the Conferral Period, the Material shall lose its protection under this order until such time as the Court grants any protection under Rule 26(c). In connection with any motion filed under this section, the burden shall rest on the Party seeking confidentiality to demonstrate that such designation is proper.

**6.     NO WAIVER BY INADVERTENT PRODUCTION**

6.1     If any Protected Material is inadvertently disclosed or provided without being marked as confidential in accordance with paragraph 3 of this Order, the failure to so designate or mark the material shall not be deemed a waiver of its confidentiality.  Upon notice of the inadvertent disclosure, the information thereafter shall be treated as Protected Material.  If, prior to receiving such notice, the Protected Material has been disseminated to person(s) not authorized to receive it, reasonable and good faith efforts to retrieve the Protected Material and to otherwise assure that the recipient maintains the confidentially of the Protected Material shall be made.

6.2     Nothing in this Order shall be seen to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege.  Further, inadvertent production of privileged information shall not waive any relevant privilege.  If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing Party, it shall promptly return all copies of documents containing the privileged information, delete any version of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.  Counsel agree that the "clawback" of inadvertently produced privileged or trial preparation materials shall be governed by all applicable rules governing the attorney-client privilege and work product doctrine, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Colorado and Model Rules of Professional Conduct.

**7.     RETURN OF CONFIDENTIAL INFORMATION**

7.1     Within thirty (30) days after the final settlement or termination of this Action, all counsel of record shall either provide a certificate of destruction of Protected Material, or return all copies of the Protected Material, to the Party providing the Protected Material.

**8.      SCOPE OF THIS ORDER**

8.1     This Protective Order is without prejudice to the right of any Party or person to move this Court for an order further restricting disclosure or use of any Protected Material.

8.2     Nothing in this Protective Order shall require production of information which the Parties contend is protected from disclosure by the attorney-client privilege or other recognized privileges, including the right of privacy or the work product doctrine.

8.3     This Protective Order is without prejudice to the right of any Party to seek to modify or obtain relief from any aspect of this Order.

8.4     The placing of either a confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.  Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a confidentiality designation under this Order shall not be admissible for any purpose.

8.5     This Order is entered without prejudice to the right of any person to waive the applicability of this Order to any Protected Material produced or disclosed by that person or Party or to use any Protected Material owned by that person in any manner that person or party deems appropriate.

8.6     All promises, agreements, obligations and covenants made in this Protective Order can be deemed to be orders of this Court, as well as a contractual undertaking of the Parties, and shall be specifically enforced by this Court by injunction or otherwise, and by any other relief deemed appropriate by this Court.

8.7     The terms of this Protective Order shall survive and remain in full force and effect after the termination of this Action.

8.8     Each recipient of any Protected Material hereby agrees to be subject to the jurisdiction of this court for the purpose of the implementation and enforcement of this Protective Order.

      8.9      Nothing herein should be construed to confer jurisdiction, or as an intent to confer jurisdiction, on this Court after the termination of this Action.

**9.     <u>GREATER PROTECTIONS AND LIMITATIONS OF ACCESS</u>**

      9.1      Nothing contained in this Protective Order shall constitute a waiver of any party's right to assert that particular Protected Material is entitled to greater protection and limitations of access than afforded by this Protective Order, including an assertion that such information should not be produced at all.

      9.2      In the event that counsel for any party asserts that Protected Material is entitled to such greater protection and limitations of access, counsel shall confer with counsel for all other Parties in an effort to resolve the matter. Agreements of counsel regarding such greater protection and limitation of access shall be set forth in writing and shall be, and hereby are, subject to the terms of this Protective Order. In the event counsel cannot reach an agreement, any Party may move the Court for an Order further protecting and limiting access.

**10.    <u>MISCELLANEOUS</u>**

      10.1     The fact that a document contains both CONFIDENTIAL INFORMATION and other non-confidential information does not affect the confidential nature of the CONFIDENTIAL INFORMATION therein, and with regard to the procedures in this Protective Order, the entire document shall be treated as CONFIDENTIAL INFORMATION in accordance with the provisions of this Protective Order. Similarly, the fact that a document contains both HIGHLY CONFIDENTIAL INFORMATION and other non-confidential information does not affect the confidential nature of the HIGHLY CONFIDENTIAL INFORMATION therein, and with regard to the procedures in this Protective Order, the entire document shall be treated as HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of this Protective Order.

10.2    If, during a deposition, questions are asked with respect to any information or materials which counsel for any party or Interested Person reasonably believes may be subject to this Protective Order, counsel shall so advise all other Parties and Interested Persons. The deposition proceedings shall thereupon be conducted subject to the provisions of this Protective Order, and the entire deposition transcript shall be treated as HIGHLY CONFIDENTIAL INFORMATION based upon the designation of the information or materials which counsel for a Party believes may be subject to this Protective Order. No later than ten days following the conclusion of such deposition, any party or Interested Person asserting that portions of the deposition are confidential shall notify the other party and Interested Persons in writing of the specific pages designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Stipulated Protective Order. Thereafter, the transcript shall be treated only as actually designated, and the remaining undesignated portions of the transcript will not be treated as Protected Material.

10.3    The provisions of 10.1 and 10.2 requiring entire documents and entire deposition transcripts to be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as specified above, even when only portions thereof contain Protected Material, are intended to protect and control dissemination of Protected Material. Portions of any such transcript or document containing Protected Material shall be disclosed only to persons entitled to see the Protected Material pursuant to this Protective Order. Portions of any such document or transcript which are not designated as CONFIDENTIAL INFORMATION or as HIGHLY CONFIDENTIAL INFORMATION pursuant to Section 3 may be copied or quoted in connection with this Action (with any designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION appearing on the same page redacted) without further action being required under this Protective Order.

**11.     PROTOCOL FOR COLLECTING DATA FROM ELECTRONIC DEVICES**

11.1     Upon request approved by the Court to search a Party's electronic devices (including, but not limited to, computers, cell phones, and blackberries), a third-party vendor retained by the requesting Party will image the producing Party's electronic devices in order to collect all data contained therein.

11.2     The name of the third-party vendor retained by the requesting Party will be provided to the producing Party. The third-party vendor will agree to abide by, the terms of this Stipulated Protective Order and will sign an agreement stating in substantially the following form:

> The requesting Party's third-party vendor, _____, has read and understands the Stipulated Protective Order entered in this case, and agrees that it and its employees and representatives will fully abide by the terms thereof and agrees to be subject to the jurisdiction of the Court for the purpose of the implementation and enforcement of the Stipulated Protective Order.

11.3     This data imaging process will occur at a location convenient to the producing Party. If, however, an electronic device to be imaged does not function, the third-party vendor will be permitted to remove that electronic device to its facilities for a reasonable time in order to allow the third-party vendor to image the device.

11.4     The requesting Party will propose search terms, and the Parties will work together in good faith to agree upon search terms. If the Parties are unable to agree upon search terms, either Party may approach the Court for a ruling.

11.5     After search terms have been determined by agreement or Court ruling, the third-party vendor will extract responsive data from the image of the electronic devices using the search terms.

11.6     Documents responsive to the search terms will be provided to the producing Party on an electronic media for review. The requesting Party will receive a copy of the responsive documents on an electronic media for purposes of preservation only. The requesting Party will not review the preserved, responsive documents. The third-party vendor will Bates stamp or otherwise number the responsive documents for purposes of the producing Party's review.

11.7     If the producing party asserts that responsive documents are Protected Material, the producing Party shall catalog such documents as either Confidential or Highly Confidential. If the producing party asserts that responsive documents are protected by the attorney-client privilege or the attorney work product doctrine, the producing Party must provide a privilege log of all documents for which the producing Party claims privilege. The privilege log must include, at a minimum, the Bates number of each document, type of document, the author, all recipients, the subject / re line, the privilege being claimed, and a sufficiently detailed summary of the document in order for the requesting Party to determine whether a claim of privilege is appropriate. If a document contains both privileged and non-privileged information, the non-privileged portions must be produced, the privileged portions must be redacted, and the redacted portions must be included on the privilege log.

11.8     Unless otherwise ordered by the Court, the producing Party is permitted thirty (30) days to review the responsive documents. At the end of the 30-day period, the producing Party must provide the catalog of documents deemed Protected Material to the third-party vendor and the requesting Party. Protected Material will be produced to the requesting Party and will be stamped as either Confidential or Highly Confidential based on the producing Party's catalog. The requesting Party also must provide the Privilege Log to the third-party vendor and the requesting Party. The third-party vendor will not produce any document listed on the Privilege Log to the requesting Party. All other non-privileged documents will be produced to the requesting Party.

11.9	The requesting Party has the right to request the Court to conduct an *in camera* review of any documents for which the requesting Party disputes the assertion of privilege or Protected Material.

11.10	Nothing in this section limits a Party's ability to designate any inadvertently produced Protected Material.  Likewise, nothing in this section limits a Party's ability to clawback inadvertently produced privileged information.  Section 6 sets forth the procedures governing inadvertent production of Protected Material and privileged information.

Dated at Denver, Colorado, this 18th day of March, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED BY:

/s/ Edwin P. Aro
Edwin P. Aro, CO Atty No. 18698
Holly E. Sterrett, CO Atty No. 36684
ARNOLD & PORTER LLP
370 Seventeenth Street
Suite 4400
Denver, Colorado 80202-1370
Telephone: 303-863-1000
Facsimile: 303-832-0428
Ed.Aro@aporter.com
Holly.Sterrett@aporter.com
*Attorneys for STEVEN S. PORTER, Defendant*

/s/ Carl Genberg
Carl Genberg
7165 Mira Monte Circle
Las Vegas, NV  89120
*Plaintiff, Pro Se*